# Johnson & Swackhammer *v.* Lehigh Valley Railroad Company, Appellant.

*Justice of the peace—Jurisdiction—Amount—Railroads.*

In an action against a railroad company before a justice of the peace to recover damages for injuries to machinery suffered in transportation, the justice has jurisdiction where it appears that the itemized statement of the claim filed with the justice aggregated $292.35, and that judgment was rendered for $224.35; and the jurisdiction is not ousted on the trial of an appeal in the Common

364, (1916).]    Syllabus—Opinion of the Court.

Pleas because on cross-examination plaintiff testified that he thought he ought to have a new machine in place of the old one, and that the price of a new machine would amount to more than the magistrate's jurisdiction, although he acknowledged that his own machine was an old one, and that the cost of repairing it would be much less than the cost of a new machine.

In such a case plaintiff is not entitled the expenses of maintaining and boarding three men for several days whom he had sent forward to set up the machine after he knew that it had been injured and before it had started finally for its destination.

Argued Nov. 16, 1915.   Appeal, No. 220, Oct. T., 1915, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1912, No. 337, on verdict for plaintiff in case of John-son & Swackhammer v. Lehigh Valley Railroad Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HEN-DERSON, KEPHART and TREXLER, JJ.   Modified and af-firmed.

Appeal from judgment of justice of the peace.   Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $168.   Defend-ant appealed.

*Error assigned* was in refusing to dismiss case for want of jurisdiction.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellant.

*Chas. M. Culver,* with him *D. E. Kaufman,* for ap-pellees.

OPINION BY HEAD, J., July 18, 1916:

This record presents for our consideration but two questions, neither of which invites any lengthy discus-sion.   The plaintiffs were the owners of a sawmill with other machinery which they were desirous of having

shipped from Rummerfield, in Bradford County, to Rich-
ford, New York, over the line of the defendant company.
A car for that purpose was provided at the first named
station and the machinery loaded thereon. Before the car
was moved at all it was struck by an engine with a few
cars attached coming from a siding, and some injury to
the plaintiffs' property was occasioned thereby. As we
read the testimony, the collision was witnessed by at
least one of the plaintiffs. It appears to have been agreed
by both parties the machinery could not go forward until
it had been repaired or its place supplied either by the
plaintiffs or the defendant. There was a wide diver-
gence of view between the parties as to the nature and
extent of the injury to the property and the probable
cost of repairing it. Either as a result of some negoti-
ation or by the act of the defendant itself—and the testi-
mony leaves this in some doubt—the machinery was re-
moved to the defendant's shops at Sayre and there the
necessary repairs were made. After a delay of a few
days the car went forward to its destination.

The plaintiffs, being dissatisfied with the condition
of the machinery, as repaired by the defendant, brought
an action of trespass before a justice of the peace to re-
cover compensation for the injury to their property.
They filed before the magistrate an itemized statement of
their claim aggregating $292.35. After hearing, judg-
ment was rendered for the plaintiffs in the sum of
$244.35. The record thus shows the cause of action was
clearly within the jurisdiction of the magistrate, and
when the defendant took this appeal to the Court of
Common Pleas, the jurisdiction of that court attached.
We do not think this jurisdiction was ousted because of
the fact that, on cross-examination of one of the plain-
tiffs, he testified to the selling price of a new machine at
the place of its manufacture, and that his own machine,
having been, as he thought practically worthless, he
ought to have a new one in its place. Later on he
agreed his own machine was an old one, had been in use

for many years, and the probable cost of repairing it would be much less than the price of a new one. The plaintiffs' claim was for unliquidated damages and it was for the jury, under all of the evidence, to determine how much they were entitled to as compensation for the injury to their property. There is no foundation in the record to support the argument that the plaintiff's claim was in fact more than $300.00, or that the Court of Common Pleas was without jurisdiction to hear the cause. The first assignment of error is therefore dismissed.

The plaintiffs knew of the injury to their property before it had started for its destination. Nevertheless, they sent forward to the latter point three men, as they say to assist in unloading and setting it up, and kept them there for a period of eight days and paid out for their boarding and lodging the sum of $48.00. Under the circumstances the jury should not have been permitted to include this item in the amount of their verdict. As the refusal of the learned judge to exclude it is expressly assigned for error, we must take cognizance of it. There being no dispute, however, as to the sum thus improperly included in the verdict, the error can be rectified without necessarily involving a new and expensive trial. We, therefore, make the following order:

The record is remitted to the court below with direction that if the plaintiffs will, within twenty days after the filing of the remittitur, file of record a stipulation agreeing to allow a reduction of $48.00 in the amount of the judgment, so that the same will stand at the sum of $140.00, then the judgment so modified and reduced is affirmed. If the plaintiffs fail to file such stipulation within the time named, then the judgment is reversed and a venire facias de novo awarded.